UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMEL SCOTT,

        Plaintiff,

v.

THE CITY OF NEW YORK, a municipal corporation; DETECTIVE DANIEL BENDIG of the 113th Precinct, SHIELD NO. 6675; DETECTIVE JAMES ZOZZARO of the 113th Precinct, SHIELF NO. 1741; and "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), all of whom are sued individually and in their official capacities,

        Defendants.

Claim No.

COMPLAINT

The Plaintiff, JAMEL SCOTT, complaining of the Defendants by his attorney, RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon information and belief:

**JURISDICTION**

1. This federal civil rights action is brought pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§ 6 and 11 of the Constitution of the State of New York.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

3

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

## PARTIES

4. At all relevant times, Plaintiff was and is a citizen of the United States.

5. At all relevant times, Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6. Upon information and belief and at all times hereinafter mentioned, Defendants DETECTIVE DANIEL BENDIG of the 113th Precinct, SHIELD NO.: 6675 ("BENDIG"); DETECTIVE JAMES ZOZZARO of the 113th Precinct, SHIELD NO.: 1741 ("ZOZZARO"); and "JOHN and/or JANE DOES", Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be law enforcement and employees of the New York City Police Department) ("DOE(S)") were and still are employees of the New York City Police Department.

## ADMINISTRATIVE PROCEEDINGS

7. On or about July 14, 2016 and pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant CITY with a Notice of Claim.

8. More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant CITY.

9. Plaintiff is scheduled to appear at an administrative hearing pursuant to New York General Municipal Law Section 50-h on January 5, 2017 at 2:00 pm.

10. This action has been commenced within one (1) year and ninety (90) days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

11. Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

12. On or about February 10, 2014, Plaintiff JAMEL SCOTT, a 38 year old African American male, was unlawfully arrested (Arrest No.: Q14608600) and in Queens County and charged with murder in the second degree. Plaintiff was subsequently unlawfully imprisoned. The arrest and subsequent charges were based upon coerced identification. Defendants, BENDIG and/or ZOZZARO and/or DOE(S) coerced an identifying witness to falsely identify Plaintiff, JAMEL SCOTT, as the perpetrator. Prior to identifying the Plaintiff, the witness advised Defendants BENDIG, ZOZZARO and/or DOE(S) that she did not see the gunman's face and was not able to identify the shooter. Defendants, BENDIG, ZOZZARO and/or DOE(S) proceeded to tell the witness to identify the Plaintiff, JAMEL SCOTT, as the shooter and Defendants, BENDIG, ZOZZARO and/or DOE(S) threatened to call child/protective service on said witness if she failed to comply.

13. Plaintiff, JAMEL SCOTT spent approximately twenty-two (22) months in jail on the above-noted charge (from February 10, 2014 through December 8, 2015). Certain hearings were held and during said hearings, the key eye witness, who was also a victim, swore under oath that Plaintiff, JAMEL SCOTT, was not the perpetrator and that she was coerced by Defendants, BENDIG and/or ZOZZARO and/or DOE(S) to identify Plaintiff, JAMEL SCOTT, as the

5

perpetrator. As a result of the key eye witness' testimony, the trial judge fixed bail at Five Thousand and 00/100 Dollars ($5,000.00), which bail was posted by Plaintiff, JAMEL SCOTT.

14. The action was subsequently dismissed on April 26, 2016 and all pending criminal charges related to said action were also dismissed. On said date, Plaintiff, JAMEL SCOTT, was discharged from the jurisdiction of the court and, pursuant to Section 160.50(1)(C) of the Criminal Procedure Law, all official records and papers relating to the action were sealed.

## LIABILITY OF INDIVIDUAL DEFENDANTS

15. Upon information and belief, at the times and places mentioned above, Defendants BENDIG and/or ZOZZARO and/or DOE(S), all of whom are sued individually and in their official capacities, unlawfully and falsely arrested and imprisoned Plaintiff, JAMEL SCOTT and/or knowingly and intentionally failed to prevent or intervene in his unlawful arrest and imprisonment.

16. Upon information and belief, Defendants BENDIG and/or ZOZZARO and/or DOE'S) intentionally and/or negligently relied upon untrue witness statements which were coerced by said individual Defendants.

17. Upon information and belief, at the times and places mentioned above, the Defendants BENDIG and/or ZOZZARO and/or DOE(S), intentionally and/or negligently inflicted emotional distress upon Plaintiff.

18. Upon information and belief, at all relevant times and places mentioned above, Defendants BENDIG and/or ZOZZARO and/or DOE(S), participated in, supervised, ratified or tacitly approved unlawful imprisonment of Plaintiff, JAMEL SCOTT.

19. Upon information and belief, at all relevant times and places mentioned above, Defendants BENDIG and/or ZOZZARO and/or DOE(S), deprived Plaintiff of his constitutional rights, including the right of due process of law.

20. The Defendants BENDIG and/or ZOZZARO and/or DOE(S), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

21. Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

22. Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

23. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

24. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the CITY, including but not limited to New York City Police Officers, for a substantial period of time.

25. Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

26. Upon information and belief, and without limiting the foregoing, the Defendant CITY has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;
    (b)    Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;
    (c)    Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and
    (d)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

27. The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiff alleged herein.

28. Upon information and belief, Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6 and 11 of the Constitution of the State of New York, including, without limitation, Plaintiff's rights to freedom from deprivation of liberty without due process of law, freedom from false arrest and imprisonment, equal protection of the laws, and equal privileges and immunities under the laws.

29. Defendant CITY is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

30. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

31. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of his rights, privileges and immunities secured by the Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    (a) Freedom from arrest without probable cause;
    (b) Freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
    (c) Freedom from deprivation of liberty without due process of law;
    (d) Equal protection, privileges and immunities under the laws; and
    (e) Freedom from malicious prosecution.

32. Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983)

33. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

34. Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and

9

agents, including the named and unnamed Defendants in this case, regarding obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

35. Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendant knew that it was foreseeable that officers would confront situations requiring probable cause and that without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

36. This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(New York State Constitutional Violations)

37. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

38. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, § 6 and 11, including his rights:

(a) Freedom from arrest without probable cause;
(b) Freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
(c) Freedom from deprivation of liberty without due process of law;
(d) Equal protection, privileges and immunities under the laws; and
(e) Freedom from malicious prosecution.

39. Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
(False Arrest)

40. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

41. Acting under color of law, upon information and belief, at all relevant times Defendants BENDIG and/or ZOZZARO and/or DOE(S), unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

42. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
(False Imprisonment)

43. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

44. Acting under color of law, upon information and belief, at all relevant times Defendants BENDIG and/or ZOZZARO and/or DOE(S) and/or CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

45. Plaintiff was conscious of, and did not consent to, his confinement.

46. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

47. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

48. The individual Defendants BENDIG and/or ZOZZARO and/or DOE(S), by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

49. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

### SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

50. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

51. The individual Defendants BENDIG and/or ZOZZARO and/or DOE(S), by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

### EIGHTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

52. The Plaintiff JAMEL SCOTT hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

53. The individual Defendants BENDIG and/or ZOZZARO and/or DOE(S), by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

> (a) Failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;

    (b)    Carelessly and recklessly arrested and detained Plaintiff without a warrant or probable cause.

54. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**WHEREFORE**, Plaintiff demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
January 6, 2017

    Yours, etc.,

    RICHARD L. GIAMPA, ESQ., P.C.
    Attorney for the Plaintiff
    JAMEL SCOTT
    860 Grand Concourse, Suite 1H
    Bronx, New York 10451
    (718) 665-7700